# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| **FILED** | |
| Jun 25, 2021 | |
| CLERK, U.S. DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

In the Matter of the Search of
THE PROPERTY OF INMATE JACOB HARDING-ABEYTA, X-REFERENCE NUMBER X-5362017, SEIZED FROM HIS PERSON ON JUNE 16, 2021, CURRENTLY LOCATED AT IN THE MALE PROPERTY SECTION IN THE SACRAMENTO COUNTY MAIN JAIL

)
)
)
)
)
)
)

Case No.    2:21-sw-0538 CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

## SEE ATTACHMENT A, attached hereto and incorporated by reference.

located in the _____ Eastern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized):*

## SEE ATTACHMENT B, attached hereto and incorporated by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☒ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1) | Felon in possession of a firearm |

The application is based on these facts:

## SEE AFFIDAVIT, attached hereto and incorporated by reference.

☒ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____ /s/ _____
*Applicant's signature*

FBI Special Agent Brendan Wright
*Printed name and title*

Sworn to me and signed via telephone.

Date: June 25, 2021 at 11:36 am

_____
*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

PHILLIP A. TALBERT
Acting United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of: | CASE NO. |
|---|---|
| THE PROPERTY OF INMATE JACOB HARDING-ABEYTA, X-REFERENCE NUMBER X-5362017, SEIZED FROM HIS PERSON ON JUNE 16, 2021, CURRENTLY LOCATED AT IN THE MALE PROPERTY SECTION IN THE SACRAMENTO COUNTY MAIN JAIL | AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH DEVICE |

1.      I, Brendan Wright, being first duly sworn, hereby depose and state as follows:

## I.      **INTRODUCTION AND AGENT BACKGROUND**

2.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of the property described in Attachment A, which is currently in law enforcement possession, for the seizure the items described in Attachment B.

3.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since approximately May 2016. I am currently assigned to the FBI Solano County Violent Crimes Task Force, and my responsibilities include the investigation of violent crimes.

4.      As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

5.      I have participated in numerous investigations involving firearms offenses and controlled substances. I have participated in investigations that led to the seizure of illegal drugs, weapons, and assets derived from the sale of illegal drugs, and the subsequent felony arrests of those individuals involved. I am familiar with and have used all of the normal methods of investigation, including, but not limited to, location monitoring warrants, visual and electronic surveillance, questioning of witnesses and defendants, the use of arrest warrants, the use of informants, the use of pen registers, the utilization of confidential sources and the use of undercover officers.

6.      Through my training and experience, I have also become familiar with the methods used by drug traffickers and also those who illegally possess firearms to coordinate and conduct their illegal activities. One method used by drug traffickers and prohibited people in possession of firearms to coordinate and conduct their illegal activities involves the use of telephones, whether cellular or landline.

7.      I am familiar with the facts and circumstances regarding this investigation as a result of my personal participation in this investigation, and my review of: (1) reports and information provided by other law enforcement officers, including oral and written reports that I have received from other law enforcement officers; (2) the results of physical surveillance conducted by myself and other law enforcement officers; (3) information obtained from driver's license and automobile registration records; (4) information from public records and law enforcement databases; (5) my training and experience; and (5) the training and experience of other law enforcement officers involved in this investigation.

8.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II.    IDENTIFICATION OF THE PROPERTY TO BE SEIZED

4.      The property to be searched is a diamond cross pendant and other jewelry seized from the person of JACOB HARDING-ABEYTA on his arrest on June 16, 2021. This jewelry is currently located at in the Male Property Section at the Sacramento County Main Jail.

5.      The applied-for warrant would authorize the seizure of this jewelry for its use as evidence

1   in the pending 18 U.S.C. § 922(g)(1) prosecution against JACOB HARDING-ABEYTA, who is

2   currently charged by federal complaint.  2:21-mj-0094 KJN.

3                    **III.        PROBABLE CAUSE**

4        9.        On June 16, 2021, I assisted in the execution of a federal arrest warrant granted by the

5   Honorable Kendall J. Newman, pursuant to a federal complaint for a violation of 18 U.S.C. §922(g).

6   2:21-MJ-0094-KJN.  That complaint is hereby incorporated as Attachment C.  In summary, the

7   complaint outlines how officers discovered a Springfield XDS .45 caliber firearm during a parole search

8   of a residence HARDING-ABEYTA was staying at on October 7, 2020.  An ATF nexus expert

9   reviewed pictures of this firearm and determined that it was not manufactured in the state of California.

10  HARDING-ABEYTA is a convicted felon and is therefore prohibited from possessing firearms.  When

11  confronted about the firearm, HARDING-ABEYTA claimed it was not his.  The room that contained the

12  firearm also contained indicia belonging to HARDING-ABETYA, including a jewelry appraisal for a

13  diamond cross pendant, dated September 30, 2020, with the name "JACOB ABAYTE."  This appraisal

14  contains a picture of a diamond cross pendant consistent with the one sought by this warrant.

15       10.       As set forth in more detail in Attachment C, the day after the seizure of this firearm,

16  officers received an email from an email account belonging to V.C. (the mother of HARDING-

17  ABEYTA's child) claiming that the firearm and other items in the house were hers, and that

18  HARDING-ABEYTA did not live there.  Notably, officer found no indicia belonging to V.C. in the

19  residence, but did find indicia belonging to HARDING-ABEYTA.

20       11.       As detailed in the complaint, officers obtained a search warrant for HARDING-

21  ABEYTA's phone.  An examination of the phone's contents revealed photographs of a firearm

22  consistent with the Springfield XDS firearm found on October 7, 2020.  One of these pictures also

23  contains a diamond cross consistent with the pendant pictured on the appraisal found in the room with

24  the firearm.  This picture contained metadata indicating it was taken near the residence and showing it

25  was taken about a week prior to officers' discovery of the firearm in that residence. The following table

26  is excerpted from the complaint:

27

28

1
2
3
4
5
6
7
8
9
10




FIGURE 3: SPRINGFIELD FIREARM PICTURE NEXT TO DISTINCTIVE NECKLACE ON 10/1/2020 (FROM HARDING-ABEYTA'S PHONE)

FIGURE 4: HARDING-ABEYTA ON 10/3/2020 WEARING A DISTINCTIVE NECKLACE (FROM HARDING-ABEYTA'S PHONE)

11
12
13
14
15
16
17
18
19
20
21




FIGURE 5: CLOSE-UP OF NECKLACE CONSISTENT WITH THE ONE IN FIGURE 3.

FIGURE 6: APPRAISAL FOR DISTINCTIVE NECKLACE FOUND IN ROOM CONTAINING SPRINGFIELD FIREARM ON 10/7/2020 (FOUND IN ROOM WITH SPRINGFIELD FIREAM)

22   12.   When TFO Dalton Ryken arrested and booked HARDING-ABEYTA at the Sacramento

23   County Jail for his federal charge, he noticed HARDING-ABEYTA was wearing what appeared to be

24   the same pendant.  TFO Ryken took pictures of this pendant, including the picture below:

25
26
27
28



13.     A review of this picture shows the pendant is consistent with the necklace pictured in the photos above, with the exception that it appears to be missing a ring or other circular or oval jewelry that was previously attached to or on the chain.  Although TFO Ryken did not take any pictures of additional jewelry HARDING-ABEYTA had on his person when he arrested him, TFO Ryken recalls that Harding-Abeyta also had other jewelry on his person at the time of arrest, including a ring and another necklace.

14.     The pendant and other jewelry remains in the lawful possession of the Sacramento County Jail, where it is currently being kept with HARDING-ABEYTA's personal belongings.  For the reasons outline above and further detailed in the complaint, I believe the jewelry is evidence of HARDING-ABEYTA's possession of the Springfield XDS firearm he is currently charged with.

### IV.     CONCLUSION

15.     I submit that this affidavit supports probable cause for a search warrant authorizing the

1   seizure of the property described in Attachment A, to seek the items described in Attachment B.

2

3                                             Respectfully submitted,

4

5                                             /s/

6                                             Brendan Wright
                                              Special Agent, FBI

7

8   Subscribed and sworn to me via telephone on:   June 25, 2021 at 11:36 am

9

10  The Honorable Carolyn K. Delaney
    UNITED STATES MAGISTRATE JUDGE

11

12

13

14  /s/ *Adrian T. Kinsella*
    Approved as to form by AUSA ADRIAN T. KINSELLA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTACHMENT A**

The property to be searched is the property of inmate JACOB HARDING-ABEYTA, X-Reference number X-5362017, seized from his person on June 16, 2021.  This property is currently located at in the male property section in the Sacramento County Main Jail.

This warrant authorizes the search of this property for the purpose of seizing the items described in Attachment B.

## **ATTACHMENT B**

All jewelry in the property described in Attachment A, including:

    a.   A diamond cross pendant necklace, including chain(s)

    b.   A ring or other jewelry circular or oval in shape

## **ATTACHMENT C**

Federal Complaint  and Arrest Warrant for Jacob Harding-Abeyta, 2:21-MJ-0094-KJN

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| | ) |
| JACOB HARDING-ABEYTA | ) |
| | ) |
| | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 7, 2020_____ in the county of _____Solano_____ in the _____Eastern_____ District of _____California_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| **18 U.S.C. § 922(g)** | **Felon in possession of a firearm** |

This criminal complaint is based on these facts:

See Affidavit of Detective Dalton Ryken, attached hereto and incorporated by reference.

☒ Continued on the attached sheet.

/s/ Dalton Ryken

*Complainant's signature*

Dalton Ryken, Detective, Solano County Sheriff's Office

*Printed name and title*

Sworn to me and signed via telephone.

Date: _____June 7, 2021_____

*Judge's signature*

City and state: _____Sacramento, California_____    Kendall J. Newman, U.S. Magistrate Judge

*Printed name and title*

# ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Dalton C. Ryken, a detective with the Solano County Sherriff's Office, being duly sworn, state:

1.      I am submitting this affidavit in support of my request for the issuance of a criminal complaint and arrest warrant against Jacob Harding-Abeyta for violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  The facts establishing probable cause that HARDING-ABEYTA committed this crime are set forth more fully below.

### I.      INTRODUCTION AND AGENT BACKGROUND

2.      I am currently employed by the Solano County Sheriff's Office and have been since September of 2014.  I am currently assigned as a Detective (Task Force Officer) with the FBI Solano County Violent Crime Task Force (SCVCTF).  I will be officially deputized as a Task Force Officer for the FBI in the coming weeks.

3.      My responsibilities include investigations pertaining to violent offenders and/or violent organizations. These investigations frequently involve the possession and possession for sale of controlled substances and firearms.

4.      I have attended a six-month basic police officer academy at the Napa Valley Police Academy in Napa, California. This training included over 20 hours of specialized training in controlled substances which also included, but was not limited to, controlled substance identification, packaging, distribution, influence, and characteristics of use. I have arrested or assisted with the arrest of persons for possession of cocaine, cocaine base, crystal methamphetamine, marijuana, heroin and ecstasy. I have contacted no less than 250 people who have been arrested for possession of controlled substance(s), possession for sale of controlled substances, and/or firearms possession.

5.      I have been deemed an expert in possession of methamphetamine for sale and have testified as an expert in possession for sale cases.  I was previously assigned to the Sheriff's Enforcement Team (SET). SET's responsibility and mission is the apprehension of fugitives and confirming the compliance of individuals on supervised release. During my time on SET, I conducted numerous controlled substance and firearms investigations. I have authored and served various search warrants pertaining to controlled substances, firearms, stolen property, etc. I have worked with various bureaus within the Sheriff's Office as well as various federal and state law enforcement agencies involving the

1

ATTACHMENT C

1  investigations of various crimes.

2       6.      Previously, while employed as a Deputy Sheriff, I was assigned to the Solano County

3  Sheriff's Office Patrol Bureau for a total of four years. During this time, I have made hundreds of arrests,

4  conducted and participated in over a thousand criminal investigations relating to, but not limited to,

5  homicides, assaults, domestic violence, burglaries, thefts, sexual assaults, stolen vehicles, possession of

6  controlled substances for sale, firearms possession and missing persons. These investigations consisted of

7  interviewing witnesses, victims, and possible leads; locating and gathering evidence; apprehending

8  criminal suspects and violators of the law; preparing and processing all necessary reports, and testifying

9  as a witness in court. I have spent most of his time assigned to the Sheriff Office's Patrol Bureau as a

10  Field Training Officer, where I was involved in the training of over 10 probationary Deputy Sheriffs.

11  This training included the teaching of criminal law, case law, criminal procedures, traffic enforcement

12  and investigative techniques. On numerous occasions, I was placed in charge of other Deputy Sheriffs as

13  they were engaged in patrol level law enforcement operations.

14       7.      I have participated in discussion and informal training sessions with more experienced

15  controlled substance agents regarding the methods used by controlled substance manufacturers,

16  traffickers, and users. I regularly read controlled substance related literature to remain abreast of

17  contemporary topics.  I have spoken with individuals who have admitted possessing controlled

18  substance(s) for sale and /or personal use. These individuals have discussed how controlled substances

19  are packaged when possessed for personal use as well as when they are possessed for sale. These

20  individuals have talked about methods used when transporting controlled substances as well.

21       8.      Prior to becoming a Deputy Sheriff, I graduated from California State University

22  Sacramento in 2012 with a Bachelor's of Science Degree in Criminal Justice. During the course of my

23  studies, I attended and completed courses in relation to criminal investigation of offenses including

24  crimes against persons, crimes against property, narcotics, gangs and firearms related offenses.

25                          II.       **PROBABLE CAUSE**

26       9.      On September 29 and 30, 2020 the Solano County Sheriff's Office responded to two

27  shootings within the unincorporated area of Vallejo in Solano County. During the investigations of the

28  two shootings, Jacob HARDING-ABEYTA was identified as a possible suspect because a Mercedes

2

# ATTACHMENT C

vehicle registered to him was captured on surveillance leaving the scene of the shooting on September 29, 2020.

10.     On October 7, 2020 a deputy with the Solano County Sheriff's Office observed a Mercedes driving with no front plate, a violation of 5200(a) of the California Vehicle Code (CVC).  The vehicle also had tinted front driver side and front passenger windows, a violation of CVC 26708.  The deputy initiated a traffic stop, and the Mercedes stopped in the driveway of 1247 Magazine St. The driver was identified as HARDING-ABEYTA.  HARDING-ABEYTA was on active CDC parole for PC 664/187  (Attempted Murder).  Due to HARDING-ABEYTA's parole status, a search of his person and vehicle were conducted.  HARDING-ABEYTA advised he had a black iPhone in a black "Otterbox" case. The phone was located in the center console next to the driver seat where HARDING-ABEYTA was seated upon the stop. Deputies confirmed the phone did not belong to the other occupants. The photo on the lock screen to the phone was of HARDING-ABEYTA with his daughter.

11.     Another Mercedes was in the driveway and registered to HARDING-ABEYTA. During the stop, deputies learned the keys to the other Mercedes were inside the 1247 Magazine St. residence (the house HARDING-ABEYTA stopped at) and the keys for the Mercedes HARDING-ABEYTA was stopped in had a key to the front door of this residence. HARDING-ABEYTA advised Deputies he and his family were currently staying at 1247 Magazine St. but were looking for a more permanent residence.

12.     1247 Magazine St. was not HARDING-ABEYTA's listed parole address. Due to HARDING-ABEYTA's possession of a key to 1247 Magazine St.,  the fact he parked in the driveway where another one of his vehicles was also parked, and his admission to staying at the residence, deputies conducted a parole compliance check of the residence.

13.     Inside of the common area of the residence, deputies located indicia belonging to HARDING-ABEYTA, such as mail in his name.  Deputies also located a wallet containing credit cards belonging to B.V., who was also on also on CDC Parole.

14.     In the bedroom on the southwest side of the residence (Room #1). Deputies located a crib, as well as male, female, and baby clothes. These items were consistent with HARDING-ABEYTA's situation in life, since he was stopped with his girlfriend and young daughter. Deputies located additional indicia in a bag belonging to HARDING-ABEYTA. The indicia included items such as a Mercedes Benz

ATTACHMENT C

of Fairfield Credit denial letter and a Diamonds Forever appraisal for a diamond cross pendant.

15.     Behind the bedroom door was a white paper bag containing a black gun case. The gun case was for a Springfield XDS .45 with serial number XS562903. The case included a magazine, one round of .45 caliber ammunition, and miscellaneous parts for the firearm. In the same bag was a box of Magtach .45 Auto CBC ammunition containing 17 live rounds and a holster. Under the mattress, deputies located a Springfield XDS bearing serial number XS562903. The handgun had one round in the chamber and five in the magazine.[1] On a top shelf in the bedroom closet was a white plastic bag. Inside the bag was a polymer 80 handgun frame with no serial number and more firearm parts and ammunition. In the bathroom, which was only accessible through Room 1, deputies located 40.74 grams of suspected cocaine inside of a bag on top of the medicine cabinet.[2]




| FIGURE 1: COCAINE LOCATED IN HARDING-ABEYTA'S BATHROOM | FIGURE 2: SPRINGFIELD FIREARM LOCATED IN HARDING-ABEYTA'S ROOM |
| --- | --- |

16.     After being advised of his *Miranda* rights, HARDING-ABEYTA  denied living in the residence, claiming he only couch-surfed there occasionally.  He denied involvement in the shootings and claimed he allowed others to use his Mercedes (referring to the vehicle that was seen leaving the scene of one of the shootings).  He also denied that any of the items in the residence belonged to him.  ABEYTA-HARDING eventually asked to speak with an attorney and the interview ended.

17.     S.M. (HARDING-ABEYTA's girlfriend and passenger during the traffic stop) advised deputies the crib belonged to other individuals who resided inside the residence. S.M. said she and HARDING-ABEYTA stayed at the residence from time to time.

---

[1] In a different bedroom of the house containing indicia belonging to B.V., officers located an extended 9mm magazine.

[2] Officers also discovered small amounts of heroin and methamphetamine in an attached garage.

4

ATTACHMENT C

18.      Deputies responded to HARDING-ABEYTA's listed parole address (500 Maple Ave) and confirmed HARDING-ABEYTA did not reside there.

19.      HARDING-ABEYTA was arrested and booked into county jail. Detective Friend later spoke with V.C. (the mother of HARDING-ABEYTA's child) via telephone. V.C. advised she knew HARDING-ABEYTA had been living in south Vallejo but she was not sure where. V.C. advised she did not have phone but could be reached via email.

20.      On October 8, 2020, law enforcement test fired the Springfield firearm. The casings from the test fire were sent to an ATF laboratory for comparison.

21.      At 4:00 PM, Detective Friend received the following email from V.C.'s email address: "When I called last night I was ready to confess to the truth but got scared when you mentioned CPS. But I can't eat, sleep, or function right now with the guilt I feel. I need to turn myself in because Jacob was only at that residence to drop my daughter off to me. We were supposed to meet there but I passed by and seen Police activity and kept driving. I don't have a stable place to live right now and have been house to house but was staying at that house for a little while and he came almost everyday to see his daughter. He just so happened to get pulled over while trying to meet with me to drop her off. The gun and drugs were mine. Nobody knew about any of it and him and his girl did have a set of keys since our daughter laid her head there. The only connection Jacob had to that house was because of me, but Our daughter is the only reason he was ever there. Me and Jacob are not on good terms because of my depression I would constantly start arguments with him but I don't know why I even for a second thought that because of our fall out he should take blame. Only thing he did was whatever you guys pulled him over for. As far as what was in that house belonged to me. I had just showed up to my cousins house before calling you which is why I figured you guys knew it was me because then you mentioned my cousin during the conversation."

Despite this statement, officers found no indicia belonging to V.C. inside the residence during the search.

22.      On October 16, 2020 the comparison report from ATF was received from the Sheriff's Office. The casings sent for testing were a presumptive match to the two shootings HARDING-ABEYTA was being investigated for.

23.      Officers later obtained a search warrant for HARDING-ABEYTA's cell phone. A search of the phone revealed two photos of what appeared to be the same Springfield firearm located during the search, without an attachment on the lower frame of the firearm. One of the firearm photos also depicted cash and a distinctive diamond cross pendant necklace. This photo was GPS stamped to a very close proximity to 1247 Magazine St., and dated October 1, 2020. In a different photo on the phone, HARDING-ABEYTA is wearing what appears to be the same diamond cross pendant necklace seen in the photo with the gun. On the day officers discovered the firearm in HARDING-ABEYTA's room, they

5

ATTACHMENT C

also found a Diamonds Forever appraisal for a diamond cross pendant in the same room. As

demonstrated in the pictures below, the picture from the appraisal is consistent with the photos of the

necklace located on the cell phone, and identifies the owner of the necklace as "Jacob Abayte."



FIGURE 3: SPRINGFIELD FIREARM PICTURE NEXT TO DISTINCTIVE NECKLACE ON 10/1/2020 (FROM HARDING-ABEYTA'S PHONE)



FIGURE 4: HARDING-ABEYTA ON 10/3/2020 WEARING A DISTINCTIVE NECKLACE (FROM HARDING-ABEYTA'S PHONE)



FIGURE 5: CLOSE-UP OF NECKLACE CONSISTENT WITH THE ONE IN FIGURE 3.



FIGURE 6: APPRAISAL FOR DISTINCTIVE NECKLACE FOUND IN ROOM CONTAINING SPRINGFIELD FIREARM ON 10/7/2020 (FOUND IN ROOM WITH SPRINGFIELD FIREAM)

ATTACHMENT C

6

24.     Text messages on the phone revealed HARDING-ABEYTA was engaging in conversation(s) pertaining to the sale of "fire butta." I know "butta" and "butter" to be common slang terms referring to cocaine. I recognized the amount of cocaine seized on scene during this case to be more than what is typically possessed for personal use. Based upon these facts and opinion, I believe HARDING-ABEYTA possessed the cocaine for sale.

**Prohibited Person**

26.     A review of HARDING-ABEYTA's criminal history shows he was convicted of attempted murder, in violation of California Penal Code 187(A), on or about February 24, 2014, in Solano County, California, and that he was sentenced to 72 months of incarceration.

**Interstate Nexus**

25.     Based on my training and experience, I know that Springfield firearms are not manufactured in the state of California.   Accordingly, this firearm must have traveled in interstate commerce prior to being possessed on October 7, 2020 in the Eastern District of California.

### III.     IV. CONCLUSION

26.     Based on the information set forth in the paragraphs above, I submit that there is probable cause to believe that on or about October 7, 2020, in the Eastern District of California, HARDING-ABEYTA possessed a firearm, in violation of 18 U.S.C. §§ 922(g)(1).

27.     Accordingly, based upon the foregoing, I respectfully request that the Court sign requested criminal complaint and issue the requested arrest warrant.

//

//

//

//

//

ATTACHMENT C

7

1

2   //

3       28.     I declare under penalty of perjury that the statements above are true and correct to best of

4   my knowledge and belief

5       29.     I further request that the Court order that all papers in support of this application,

6   including the affidavit and this complaint, be sealed until further order of the Court.  These documents

7   discuss an ongoing federal criminal investigation that is neither public nor known to HARDING-

8   ABEYTA.  Premature disclosure might cause HARDING-ABEYTA to flee and could endanger the

9   safety of the arresting officers.  Accordingly, there is good cause to seal these documents until

10  HARDING-ABEYTA is in federal custody.

11                                                  Respectfully submitted,

12                                                    /s/ Dalton Ryken

13                                                  Dalton Ryken
                                                    Detective, Solano County Sheriff's Office
14

15

16

17  Subscribed and sworn to me via telephone on:      June 7, 2021

18

19  _____

20  Hon. Kendall J. Newman
    U.S. MAGISTRATE JUDGE
21

22

23  /s/ Adrian T. Kinsella
    Approved as to form by AUSA Adrian T. Kinsella

24

25

26

27

28

                                            8

# ATTACHMENT C

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

United States of America
v.

JACOB HARDING-ABEYTA

_Defendant_

)
)
)
)
)
)

Case No.

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_  JACOB HARDING-ABEYTA                                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☒ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

**18 U.S.C. § 922(g) - Felon in possession of a firearm**

Date:    June 7, 2021 at 3:00 p.m.                                    _____
                                                                                          _Issuing officer's signature_

City and state:    Sacramento, California                    Kendall J. Newman, United States Magistrate Judge
                                                                                          _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____, and the person was arrested on _(date)_ _____ at _(city and state)_ _____. |
| Date: _____                          _____<br>_Arresting officer's signature_ |
| _____, United States Magistrate Judge<br>_Printed name and title_ |

# ATTACHMENT C

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of
THE PROPERTY OF INMATE JACOB HARDING-
ABEYTA, X-REFERENCE NUMBER X-5362017,
SEIZED FROM HIS PERSON ON JUNE 16, 2021,
CURRENTLY LOCATED AT IN THE MALE
PROPERTY SECTION IN THE SACRAMENTO
COUNTY MAIN JAIL

)
)
)
)
)
)

Case No.        2:21-sw-0538 CKD

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

## SEE ATTACHMENT A, attached hereto and incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

## SEE ATTACHMENT B, attached hereto and incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____ July 8, 2021 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern
District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    June 25, 2021 at 11:36 am                _____
                                                                                                             *Judge's signature*

City and state:        Sacramento, California              Carolyn K. Delaney, U.S. Magistrate Judge
                                                                                              *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____

_____                
Signature of Judge                                               Date